Hon. Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBBY LEE ROBINSON,<br><br>　　　　Defendant. | No. CR 22 – 212 TL<br><br>DEFENDANT'S TRIAL BRIEF<br><br>Trial: October 2, 2023 |

Pursuant to LR CrR 23.1, defendant ROBBY LEE ROBINSON submits this trial brief:

**1. Trial Date:** The trial is scheduled to start on October 2, 2023, and Team Robinson will be ready to proceed. The trial will likely take at least four court days to complete:

　　Trial Day One:　　AM – jury selection & opening statements
　　　　　　　　　　　PM – USA's case-in-chief

　　Trial Day Two:　　USA's case-in-chief

　　Trial Day Three:　USA's case-in-chief [final witness] & Defense case-in-chief

　　Trial Day Four:　USA's rebuttal; jury instructed; closing arguments.

**2. Motions:**  Team Robinson and the USA have agreed on entry of orders granting ten assorted motions *in limine* [order at docket 48], excluding mention of the name of Mr. Robinson's prior conviction [order at docket 47], and excluding mention of the defendant's possible punishment or reference to other pending charges against him [order at docket 83].

The USA's motion to preclude Team Robinson from pursuing a justification defense was denied [order at docket 86].

Team Robinson's motion to dismiss the Indictment on constitutional grounds was denied [order at 81]; its motion regarding unmasking was granted [order at docket 82]; and its motion to compel the USA to elect between counts was denied as moot [order at 80].

Two pending motions are contested and require resolution by the Court.  First, the USA's motion to relieve it of the obligation of calling some of the forensic scientists at trial [docket 72] has been briefed fully and is ripe for decision.  Second, the USA's motion to preclude any impeachment of its trial witness with evidence of his prior felony conviction [docket 73].

**3. Attorney conducted *voir dire*:**  The defense acknowledges that it has no right to conduct *voir dire*,[1] but respectfully asks the court to exercise its discretion and **allow each side twenty minutes to examine prospective jurors**.[2]  If conducted properly, *voir dire* can "inform litigants about potential jurors, making reliance upon stereotypical and pejorative notions about a particular gender or race both unnecessary and unwise."[3]

*Voir dire* also gives the parties "a means of discovering actual or implied bias and a firmer basis upon which the parties may exercise their peremptory challenges intelligently."[4] Individualized *voir dire* by counsel is necessary to support or oppose peremptory challenges based

---

[1] United States v. Rodriguez, 162 F.3d 135, 148 (1st Cir. 1998) (no authority supporting proposition that defense counsel must be allowed, as a matter of right, to conduct *voir dire*).
[2] Fed.R.Crim.P. 24(a)(1).
[3] J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 143-44 (1994).
[4] Id. (*citing* Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 602 (1976) (Brennan, J., concurring) (*voir dire* "facilitate[s] intelligent exercise or peremptory challenges and [helps] uncover factors that would dictate disqualification for cause"); United States v. Whitt, 718 F.2d 1494, 1497 (10th Cir. 1983) ("Without an adequate foundation [laid by *voir dire*], counsel cannot exercise sensitive and intelligent peremptory challenges").

on *Batson* [5] violations and to develop challenges for case based on actual or implied bias. Thus, for example, where there is a *prima facie* case of racial discrimination in the exercise of a party's peremptory challenges, that party "must articulate a racially neutral explanation for the peremptory challenge." [6] Likewise, if there is a *prima facie* case of gender discrimination, counsel must offer a gender-neutral, non-pretextual explanation for the peremptory challenge. [7]

### 4. Objections & admissibility issues that may arise at trial:

#### 4.1. Fed.R.Evid. 404(b): Evidence of other crimes, wrongs or acts:

In response to a defense request for disclosure, the USA said did not plan to introduce any Rule 404(b) evidence in its case-in-chief, but reserved the right to do so during its cross-examination of defense witnesses or during its rebuttal case. [8]

#### 4.2. *Henthorn* disclosures:

In response to a defense request for disclosure of *Henthorn* material, [9] the USA confirmed that it had reviewed the pertinent files but found no responsive information. [10]

#### 4.3. Jencks Act material:

In response to a defense request for disclosure of Jencks Act material, the USA said it would provide "prior witness states for most witnesses to you in advance of trial." [11] This is good news, but the disclosure fails to identify which witnesses and how far in advance of trial material will be disclosed.

---

[5] Batson v. Kentucky, 476 U.S. 79 (1986), and its progeny, Georgia v. McCollum, 505 U.S. 42 (1992), require investigation of the basis for the exercise of peremptory challenges based on race or gender biases or prejudices.
[6] Georgia v. McCollum, 505 U.S. at 59; *see also* Batson v. Kentucky, 476 U.S. at 98.
[7] J.E.B. v. Alabama ex rel. T.B., 511 U.S. at 145.
[8] Email: AUSA Hobbs to SRI (09.11.2023).
[9] United States v. Henthorn, 931 F.2d 29, 31 (9th Cir. 1991).
[10] Email: AUSA Hobbs to SRI (09.11.2023).
[11] Id. (emphasis added).

Team Robinson urges the USA to produce all written statements, [12] substantially verbatim or recorded statements, [13] and grand jury testimony [14] of each witness it may call to testify **no later than 10 days before trial**.  This would give the defense sufficient time to examine and use the material. [15]  Without early disclosure, the defense may need to apply to the Court for a recess of the trial to allow time to examine statements and prepare for using them at trial. [16]  Early disclosure not only promotes the fairness of the trial process, but also serves the public interest in expediting the efficient resolution of criminal cases. [17]

### 4.4.  Objection to testimony containing opinions as to the law.

If any prosecution witness seeks to offer testimony about what the law requires, the purposes of the law, whether particular actions were lawful or not, the defense will object and move to strike the testimony.

The defense position is well-supported.  The Court of Appeals for the Ninth Circuit has "condemned the practice of attempting to introduce law as evidence."[18]  Expert testimony is not proper for issues of law.[19]  Courts also exclude any testimony regarding a legal standard that will appear in the court's instructions to the jury.[20]

---

[12] 18 U.S.C. §3500(e)(1); Fed.R.Crim.P. 26.2(f)(1).
[13] Fed.R.Crim.P. 26.2(f)(2).
[14] Fed.R.Crim.P. 26.2(f)(3).
[15] *See* United States v. Holmes, 722 F.2d 37, 40 (4th Cir. 1983) (Jencks materials should be provided to the defense so as to furnish the defendants and defense counsel with sufficient time to examine and utilize this material in a meaningful manner before and during trial).
[16] *See* Fed. R. Crim. P. 26.2(d).
[17] *See generally* United States v. Tarantino, 846 F.2d 1384, 1415 n.12 (DC Cir. 1988), United States v. Hinton, 631 F.2d 769, 782 (DC Cir. 1980).
[18] United States v. Unruh, 855 F.2d 1363, 1376 (9th Cir. 1987).
[19] United States v. Brodie, 858 F.2d 492, 496 (9th Cir. 1988) ("Experts interpret and analyze factual evidence. They do not testify about the law.") (*quoting* United States v. Curtis, 782 F.2d 593, 599 (6th Cir. 1986)); Crow Tribe of Indians v. Racicot, 87 F.3d 1039, 1045 (9th Cir. 1996).
[20] *See, e.g.,* United States v. Caputo, 382 F. Supp. 2d 1045, 1053 (ND IL 2005) ("Instead of giving expert legal opinions, [the parties] can refer to the jury instructions to explain the necessary legal principles.")

**4.5. Agents & officers presumed to be hostile.**

The defense contends that the law enforcement agents designated as potential trial witnesses by the USA may be interrogated "by leading questions," [21] without regard to whether or not the defendant has called the witness. By virtue of their employment alone, these witnesses should be deemed to be hostile without any antecedent showing. [22] Accordingly, the defense should be permitted to ask leading questions in its direct examination of these witnesses.

**4.6. Admission of hearsay under the rule of completeness.**

The defense anticipates that at trial the USA may seek to offer hearsay and statements by others. If the court finds the proffered evidence to be admissible, the defense may offer other statements be admitted as well under the common law rule of completeness. The rule covers "not only writings taken out of context, but also . . . the truncated use of acts, declarations, and conversations." [23] As both the Ninth Circuit and the Supreme Court have recognized, the common law rule continues to operate independently notwithstanding its partial codification in Fed.R.Evid. 106. [24]

This Court's authority to apply the common law rule is reinforced by Rule 611, which states "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . make those procedures effective for determining

---

[21] Fed.R.Evid. 611(c) ("When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.").
[22] *See* United States v Bensinger Co., 430 F.2d 584 (8th Cir. 1970) (leading questions to employees of adverse party are within scope of Rule 611(c)); Perkins v Volkswagen of America, Inc., 596 F.2d 681 (5th Cir. 1979) (employee of adverse party is automatically regarded as hostile without any prior showing).
[23] 21A Kenneth W. Graham, Jr., Federal Practice and Procedure § 5072 (2nd ed. 2015).
[24] *See* Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171-72 (1988) (applying the common law rule of completeness even after it was "partially codified" in Rule 106); United States v. Collicott, 92 F.3d 973, 983 n.12 (9th Cir. 1996) (recognizing Rule 611(a) "grants district courts the same authority regarding oral statements which [Rule] 106 grants regarding written and recorded statements"); *cf.* United States v. Liera-Morales, 759 F.3d 1105, 1111 (9th Cir. 2014) (*citing* Collicott, 92 F.3d at 983 & n.12 and assuming without deciding the common law rule of completeness applies to oral statements).

the truth," [25] and "restates in broad terms the power and obligation of the judge as developed under common law principles," [26] Excluding part of a statement may be an abuse of discretion if the edited version "distorts the meaning of the statement or excludes information substantially exculpatory of the declarant." [27] The same standard applies to oral statements through Fed.R.Evid. 611(a). [28]

### 4.7. Objection to hearsay regarding course of the investigation.

The defense anticipates that at trial the USA will seek to introduce testimony and evidence regarding the course of the investigation in this case. Such testimony and evidence may include general background information as well as hearsay and other testimony or evidence introduced to explain why witnesses went to a particular location or took a specific action.

If such evidence is sought to be introduced, the defense may object on grounds that it is irrelevant. To be admissible, evidence must be relevant. [29] To relevant, the evidence must have "a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [30]

While the USA is likely to argue that such evidence is simply background to explain the actions of law enforcement, such "explanation" is itself irrelevant. Courts considering the issue have held that, for example, the reasons investigator began his investigation were irrelevant. [31]

---

[25] Fed.R.Evid. 611(a),
[26] Fed.R.Evid. 611 – adv. comm. note.
[27] United States v. Dorrell, 758 F.2d 427, 434-35 (9th Cir. 1985).
[28] Neither United States v. Ortega, 203 F.3d 675 (9th Cir. 2000), nor United States v. Fernandez, 839 F.2d 639 (9th Cir. 1988), bars the defense from introducing otherwise inadmissible evidence under the common law rule of completeness in such circumstances. In Ortega, the common law rule of completeness was not implicated, because the court concluded "[t]he officer's testimony did not distort the meaning of Ortega's statements." Ortega, 203 F.3d at 683. An in Fernandez, no completeness issue was presented, as the defendant sought to elicit his own denial made to an FBI agent following his arrest. Fernandez, 839 F.2d at 640.
[29] Fed.R.Evid. 402.
[30] Fed.R.Evid. 401.
[31] United States v. Lamberty, 778 F.2d 59, 60-61 (1st Cir. 1985) (While the jurors may have been curious as to why the inspectors began their operation, enlightenment on this matter had no probative value.").

DEFENDANT'S TRIAL BRIEF – 6

LAW OFFICES OF STEPHAN R. ILLA, INC. P.S.
P.O. BOX 10033
BAINBRIDGE ISLAND, WA 98110
(206) 817-4142

In another case, the reason the defendant was targeted by law enforcement was found to be immaterial. [32] One appeals court reasoned that officers "should be entitled to provide some explanation for their presence and conduct." but not be allowed "to relate historical aspects of the case, such as complaints and reports of others containing inadmissible hearsay." [33]

Inadmissible hearsay and references to inadmissible hearsay are the inevitable product of course of investigation questions. Questions such as, "Why did you go to that location?" invite responses containing inadmissible hearsay. If the witness then conveys the substance of what was spoken, the response is hearsay even if the declarant's words are not repeated.

Here, evidence as to why federal agents began to investigate Mr. Pelayo or took certain steps during their investigation has no bearing on the elements of the offenses charged and, as such, lacks probative value and is inadmissible. Moreover, even if course of investigation evidence is offered for the purported non-hearsay purpose of demonstrating an officer's state of mind, introducing such evidence is fraught with a high likelihood of prejudice resulting from the jury's improper use of the evidence.

Respectfully Submitted on September 13, 2023.

LAW OFFICES OF STEPHAN R. ILLA, INC., P.S.



Stephan R. Illa
    WSBA No. 15793
Attorney for Defendant

---

[32] United States v. Taylor, 900 F.2d 779, 782 (4th Cir. 1990).
[33] United States v. Maher, 454 F.3d 13, 20 (1st Cir. 2006) (citing 2 Broun, McCormick on Evidence § 249, at 103 (5th ed. 1999)).