UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>  v.<br><br>ROBBY LEE ROBINSON,<br><br>          Defendant. | CASE NO. 2:22-cr-00212-TL<br><br>ORDER GRANTING MOTION *IN LIMINE* TO EXCLUDE PRIOR CONVICTIONS OF WITNESS |

This matter is before the Court on the Government's Motion *in Limine* to Exclude Prior Convictions of Witness (Dkt. No. 73). Having reviewed Mr. Robinson's response (Dkt. No. 89), the Government's reply (Dkt. No. 100), and the relevant record, the Court GRANTS the motion.

## I.   BACKGROUND

Mr. Robinson is charged by superseding indictment with one count of Unlawful Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1). *See* Dkt. No. 60 (second superseding indictment). In advance of trial, the Government filed various motions, including the instant motion *in limine*. *See* Dkt. Nos. 73, 100. Mr. Robinson opposes. *See* Dkt. No. 88.

## II. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). In ruling on motions *in limine*, the Court is generally guided by Federal Rules of Evidence ("FRE") 401, 402, and 403. *See* Fed. R. Evid. 401 (defining relevant evidence); *id.* 402 (relevant evidence is generally admissible); *id.* 403 (relevant evidence may be excluded if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). While the FRE do not explicitly permit motions *in limine*, they are a part of a "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* is ordinarily granted only if the evidence at issue is inadmissible on all potential grounds; if not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context. *See United States v. Sims*, 550 F. Supp. 3d 907, 912 (D. Nev. 2021). A motion *in limine* should not be used to resolve factual disputes or weigh evidence. *Id.*; *Liu v. State Farm Mut. Auto. Ins. Co.*, No. C18-1862, 2021 WL 717540, at *1 (W.D. Wash. Feb. 24, 2021).

A court's ruling on a pre-trial motion *in limine* is preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[*I*]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."). "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42; *see also City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (district court may change its *in limine* ruling at trial if testimony brings unanticipated facts to the court's attention).

ORDER ON MOTION *IN LIMINE* TO
EXCLUDE PRIOR CONVICTIONS
OF WITNESS - 2

Subject to these principles, the Court issues this ruling for the guidance of the Parties.

### III. DISCUSSION

The Government seeks an order excluding "any discussion or evidence related to the prior offenses" of D.W., one of its testifying witnesses. Dkt. No. 73 at 1. The prior convictions are: (1) a 2005 conviction for Rape of a Child (*see* RCW 9A.44.073), for which D.W. was released from custody in 2016; (2) a 2001 misdemeanor conviction for Assault; and (3) a 1996 misdemeanor conviction for Driving While License Suspended or Revoked. *See* Dkt. No. 73 at 3.

The Government argues that all of the prior convictions have no probative value and yet present "a real danger" of prejudice. *Id.* at 3–4. Mr. Robinson agrees that "the misdemeanor convictions are inadmissible under Fed. R. Evid. 609" and thus that "the motion should be granted" as to those convictions. Dkt. No. 88 at 1–2. However, Mr. Robinson argues that impeachment using the 2005 conviction, a felony, should be allowed "subject to restrictions to guard against prejudice." *Id.* at 1. Specifically, he proposes that he be allowed to refer to "a Class A violent crime against a person," as well as D.W.'s prison sentence and violations of supervision. *Id.* at 5. The Government rejects this proposal but requests, in the alternative (should the Court find the probative value of the prior conviction is not substantially outweighed by the danger of unfair prejudice), that Mr. Robinson be allowed to refer to only the fact of a felony conviction. *See* Dkt. No. 100 at 4.

**A. Legal Standard**

Federal Rule of Evidence 609 governs the impeachment of a witness—that is, "attacking a witness's character for untruthfulness"—using a prior conviction. The rule requires that evidence of a criminal conviction for a crime that was punishable by imprisonment for more than one year "must be admitted, *subject to Rule 403*, in a . . . criminal case in which the witness is not a defendant." Fed. R. Civ. P. 609(a)(1)(A) (emphasis added). Therefore, while evidence of a

felony conviction that occurred within 10 years of the conviction or release from custody for a non-defendant witness in a criminal case "must be admitted," it still must first pass the balancing test of Federal Rule of Evidence 403.[1] *Id.* A district court has "broad discretion" under this Rule.[2] *United States v. Rowe*, 92 F.3d 928, 933 (9th Cir. 1996).

For the same non-defendant witness, evidence of *any* conviction that is more than 10 years old is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

**B.     Application**

As an initial matter, Mr. Robinson concedes that the 1996 and 2001 misdemeanor convictions are inadmissible. *See* Dkt. No. 88 at 2. Therefore, the Court GRANTS the motion as to the misdemeanor convictions.

The remaining question is whether the 2005 felony conviction may be used and in what manner. The Court finds that evidence of D.W.'s 2005 conviction must be excluded, as its probative value is substantially outweighed by a danger of unfair prejudice and confusion. *See Rowe*, 92 F.3d at 933 (in prosecution for carjacking and use of firearm during crime of violence, upholding exclusion of government witness' prior theft conviction that carried "a lot of prejudice

---

[1] Rule 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

[2] The Government suggests that the Court should evaluate the "*Cook* factors" laid out by the Ninth Circuit to weigh the probative value of a prior conviction against its prejudicial effect when used to impeach a criminal defendant. *See* Dkt. No. 100 at 2; *United States v. Jimenez*, 214 F.3d 1095, 1098 (9th Cir. 2000); *see also United States v. Cook*, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979) (en banc), *overruled on other grounds by Luce v. United States*, 469 U.S. 38 (1984). The Ninth Circuit has never applied the *Cook* factors to the impeachment of a non-defendant witness in a criminal case, though it has suggested that the *Cook* factors are "appropriate," but not required, in application of Rule 609(b) in a civil case. *See Simpson v. Thomas*, 528 F.3d 685, 690 n.3 (9th Cir. 2008). Occasionally, district courts have applied the *Cook* factors to non-defendant witnesses. *See, e.g., Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1133 (E.D. Cal. 2020); *United States v. Mercado*, No. CR18-549, 2020 WL 999842, at *3 (N.D. Cal. Mar. 2, 2020). While the Court is hesitant to apply the *Cook* factors in a context other than impeachment of a defendant, the Court bears the factors in mind while conducting its Rule 403 analysis.

and almost no probative value"); *United States v. Jones*, 243 F.3d 551 (9th Cir. 2000) (mem.) (in prosecution for conspiracy to possess counterfeit checks, upholding exclusion of government witness' prior assault conviction); *see also IDS Prop. & Cas. Ins. Co. v. Fellows*, No. C15-2031, 2017 WL 2600186, at *6 (W.D. Wash. June 15, 2017) (in civil suit over insurance policy, upholding exclusion of witness' prior drug distribution conviction). While undoubtedly a grave offense that demonstrates "a lack of respect for the persons or property of others," D.W.'s conviction "do[es] not 'bear directly on the likelihood that [a person] will testify truthfully.'" *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) (quoting *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)); *see also Cordoba v. Pulido*, No. C12-4857, 2018 WL 500172, at *2 (N.D. Cal. Jan. 20, 2018) (noting that "a murder conviction is not probative of veracity"). The probative value is further diluted by the passage of time—the conviction itself is 18 years old, and D.W. has no further convictions since his release in 2016.[3] *See also United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (in prosecution for drug conspiracy, finding the probative value of a "stale" 17-year-old mail fraud conviction to be "very low" and unaffected by the importance of the testimony).

At the same time, "rape and sexual assault convictions are among the most prejudicial types of information the jury could learn" about a witness. *Scott v. Lawrence*, 36 F.3d 871, 874 (9th Cir. 1994); *see also Goods v. Los Angeles Cnty. Sheriff*, No. C11-2948, 2015 WL 13916520, at *3 (C.D. Cal. Dec. 1, 2015) (noting the "extraordinarily high" danger of undue prejudice from prior convictions for rape, forcible oral copulation and kidnapping). Mr. Robinson's proposal to

---

[3] The Government also argues that "D.W.'s credibility is not central to the government's case." Dkt. No. 100 at 3. But the events depicted on D.W.'s "dashcam video" will necessarily be interpreted by the jury, and the 911 audio recording is of D.W.'s own statements. The credibility of D.W., the alleged victim, is important enough to the case to weigh in favor of admission. Still, the Court excludes the evidence because its probative value is substantially outweighed by its potential prejudicial impact.

cure the prejudice with a "generic identifier" concedes the prejudicial nature of the prior conviction. But his proposal only *magnifies* potential prejudice and adds confusion by leaving the jury to speculate as to *which* "Class A violent crime against a person" was committed—an inquiry that could run far afield of D.W.'s *actual* conviction to, for example, murder or vehicular assault. *See United States v. Garnes*, No. CR22-487, 2023 WL 4489983, at *6–7 (E.D.N.Y. July 12, 2023) (under Rule 403, finding "no way to structure the admission" of defendant's statements about unspecified prior "felonies" such that jury would not speculate as to the nature of the prior convictions while defendant would not be unfairly prejudiced).

The Court also finds that evidence of the details of D.W.'s 2005 conviction must also be excluded. First, "absent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction." *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (alteration in original) (quoting *United States v. Sine*, 493 F.3d 1021, 1036 n.14 (9th Cir. 2007)). "Generally, 'only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility." *Id.* (quoting *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)); *see also United States v. Brown*, 927 F.2d 406, 408 (8th Cir. 1991) (noting that Rule 609(a) "bears little or no relation to prior arrests, pending indictments, plea agreements, and probation violations"). Plus, evidence of D.W.'s length of sentence and post-release supervision, as well as violations of the terms of supervision, has almost no probative value yet will unfairly prejudice and confuse the jury. *See Gray v. Clark*, No. CR20-196, 2023 WL 1803720, at *3 (E.D. Cal. Feb. 7, 2023) ("In this district, courts typically find the prejudicial effect of a specific sentence length outweighs any probative value, unless the sentence length bears on a relevant issue."); *cf. Navarro v. Ryan*, No. C12-1899, 2018 WL 6681867, at *13 (D. Ariz. Jan. 12, 2018) ("[V]iolations of probation, conditions of release, and escape are not probative of a witness's

character for truthfulness or untruthfulness . . . ." (quoting *United States v. Morrow*, No. CR04-355, 2005 WL 3163801, at *4 (D.D.C. June 2, 2005))), *adopted as modified*, 2018 WL 6667239 (Dec. 19, 2018); *United States v. Perkins*, 287 F. App'x 342, 349–50 (5th Cir. 2008) (finding a probation violation "does not speak to [the government witness's] truthfulness, but is merely a broken promise which indicates a lack of loyalty to commitments").

Finally, at the pretrial conference, the Government proffered details of D.W.'s supervision violations—which Mr. Robinson sought to uncover through his requested preliminary examination of D.W—and indicated that none of the violations "involved false statements or dishonesty." Dkt. No. 88 at 6. Therefore, Mr. Robinson will not be permitted to question D.W. on those details before the testimony.

For these reasons, the Court also GRANTS the motion as to the felony conviction. However, the Court cautions that should D.W. "open the door" on direct examination, Mr. Robinson may then be permitted to use the conviction for impeachment. *See United States v. Curtin*, 588 F.3d 993, 996 (9th Cir. 2009) (upholding narrow admission of otherwise excluded evidence after "the door ha[d] been opened" by defendant).

## IV.   CONCLUSION

Accordingly, the Court GRANTS the Government's Motion to Exclude Prior Convictions of Witness (Dkt. No. 73).

Dated this 20th day of September 2023.

Tana Lin
United States District Judge

ORDER ON MOTION *IN LIMINE* TO
EXCLUDE PRIOR CONVICTIONS
OF WITNESS - 7