UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>    v.<br><br>ROBBY LEE ROBINSON,<br><br>              Defendant. | CASE NO. 2:22-cr-00212-TL<br><br>ORDER |

This matter is before the Court on the Government's Notice Re: Content of Opening Statement (Dkt. No. 114) and Defendant Robby Lee Robinson's response (Dkt. No. 115). The Government in effect seeks to comment on the potential presentation of a justification defense by stating that it "believes" that the evidence will show Mr. Robinson "was not justified." Dkt. No. 114 at 2. Mr. Robinson opposes, arguing that the Government may not comment on any anticipated evidence or testimony from the defense because Mr. Robinson "cannot be compelled to put on a particular defense or produce evidence." Dkt. No. 115 at 2.

ORDER - 1

The Court agrees with Mr. Robinson that it would be improper for the Government to comment in opening argument on an anticipated or possible justification defense when Mr. Robinson has no obligation to pursue any particular defense, let alone to present any evidence. *See United States v. Hall*, 165 F.3d 1095, 1115 (7th Cir. 1999) ("We believe it to be a rare situation where it would be appropriate for a prosecutor to comment on anticipated defense evidence because a defendant is under no obligation to put forward evidence on his or her own behalf."); *cf. United States v. Taren-Palma*, 997 F.2d 525, 532 (9th Cir. 1993) ("Opening argument, like closing, should not refer to matters that are not to be presented as evidence."); *United States v. Wells*, 623 F.3d 332, 345 (6th Cir. 2010) ("It is undoubtedly tempting, but generally unwise, for a prosecutor to try to predict the strategy opposing counsel will adopt, and then to try to blunt the strategy's impact.").

Contrary to the Government's assertion (Dkt. No. 114 at 1), Mr. Robinson has not yet placed a justification defense "squarely at issue" in this case. On the contrary, counsel for Mr. Robinson recently informed the Government that "Mr. Robinson has instructed me to wait until after the prosecution's opening statement to determine whether or not he will proceed with a justification defense or some other one." *Id.* at 2. Although Mr. Robinson made a pretrial offer of proof, he did so only in response to the Government's motion to preclude a justification defense, which this Court denied (*see* Dkt. No. 86). Trial has not yet commenced, and Mr. Robinson has thus made no indication at trial that he is actually pursuing this defense. Unless and until he does, the Government may not comment on it.

Of course, the Government may describe in its opening argument the evidence *it* expects to present, and it may elicit that evidence accordingly on its case-in-chief. *See United States v. Barreiro*, No. CR13-636, 2016 WL 258521, at *2 (N.D. Cal. Jan. 21, 2016) ("An opening statement is intended 'to state what evidence will be presented, to make it easier for the jurors to

understand what is to follow, and to relate parts of the evidence and testimony to the whole.'" (quoting *United States v. McCabe*, 131 F.3d 149, at *4 (9th Cir. 1997) (unpublished))). It may be that the Government's opening statement (and case-in-chief) *in effect* rebuts a possible justification defense by highlighting facts that would ultimately undermine such a defense, if the defense is presented. But the Government may not create the expectation that a justification defense is forthcoming, or that Mr. Robinson will testify or present any evidence at all.

Accordingly, the Court Orders that the Government is prohibited from making any references in its opening argument to a possible justification defense or any other anticipated defense evidence.

Dated this 29th day of September 2023.

Tana Lin
United States District Judge

Order - 3